IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR 05 96ML |
| v. | : | CR. No. |
| THOMAS HENDRICKS, a/k/a Tasheem Hendricks | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (United States or government) and Defendant THOMAS HENDRICKS have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges Defendant with being a person, previously convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessing, in and affecting commerce, a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count I); and with knowingly and intentionally possessing 3.43 grams of a mixture and substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. § 844 (Count II). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. The government and Defendant hereby agree that the Tanfoglio, Model GT380, .380 caliber semi-automatic pistol, having a partial serial number 00350, which is a firearm as defined in 18 U.S.C. § 921, seized from Defendant and currently in the custody and/or control of the Providence Police Department, was properly seized and was involved in or used in a violation of 18 U.S.C. § 922(g) to which Defendant will plead guilty. Defendant agrees that the firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearm. Defendant further agrees not to oppose any civil, administrative or judicial forfeiture of said firearm.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment which will not be greater than the mid-point of the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (U.S.S.G. or the "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. If however, Defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to

recommend a 2-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The government agrees that it will not file a sentencing enhancement information as provided in 21 U.S.C. § 851.

3. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. The substance charged in Count II is cocaine base; the cocaine base charged in Count II is crack cocaine; and the weight of the cocaine base (crack) charged in Count II is 3.43 grams.

b. The firearm charged in Count I has an altered or obliterated serial number.

c. Defendant has a previous conviction for a controlled substance offense as that term is defined in U.S.S.G. §§ 2K2.1, 4B1.1 and 4B1.2.

4. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are:

Count I
a. ten (10) years imprisonment; and
b. a fine of $250,000; and
c. a term of supervised release of three (3) years; and
d. a mandatory special assessment of $100.

Count II
a. one (1) year imprisonment; and
b. a fine of $100,000; and
c. a term of supervised release of one (1) year; and
d. a mandatory special assessment of $25.

If the sentences on both counts were imposed consecutively, the maximum statutory penalties would be: eleven (11) years imprisonment; a fine of $350,000; and a term of supervised release of three (3) years. The total mandatory special assessment is $125.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty , or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant has also been advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that if the Court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after his conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, Defendant knowingly and voluntarily waives and gives up that right. Defendant further understands he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 3 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is

not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guidelines determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he has the right to file a direct appeal, a collateral attack under 28 U.S.C. § 2255, or other requests for post-conviction relief. Defendant hereby waives his right to file a direct appeal if the Offense Level under the guidelines as determined by the sentencing court is level nineteen (19) or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

THOMAS HENDRICKS
Defendant

8-23-5
Date

KEVIN FITZGERALD, ESQ.
Assistant Federal Defender
Counsel for Defendant

8-23-5
Date

KENNETH P. MADDEN
First Assistant U.S. Attorney

8-25-2005
Date

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief, Criminal Division

Aug. 25, 2005
Date